HIRAM POOL AND OTHERS, PLAINTIFFS, *v.* ALBERT E. SAFFORD, DEFENDANT.

*Receiver in supplementary proceedings — by whom appointed — to what control he is subject — Code, § 298.*

Although section 298 of the Code confers upon a county judge, at chambers, the power to appoint a receiver in proceedings supplementary to execution, yet with the appointment his authority over him ceases, and the receiver is thereafter subject to the control of the court in which the judgment was obtained; or if the judgment was upon a transcript from a justice's court, filed in the county clerk's office, the receiver is subject to the control and direction of the County Court.

APPEAL by C. E. Marsh, the receiver appointed in supplemen-tary proceedings herein, from an order made by the county judge of Cattaraugus county, requiring him to account and pay over certain money to S. C. Green, the surety of said receiver, or show cause why an attachment should not issue against him as for a contempt.  The judgment upon the return of an execution upon which the proceedings were instituted, was recovered in the Supreme Court.

C. E. Marsh, as receiver of the defendant in proceedings sup-plementary to execution, sold certain property belonging to the defendant on the 28th day of October, 1874, at public sale. From this sale he collected and had in his hands on the 9th of February, 1875, seventy-seven dollars and fifty cents; and on the night of the 9th of February, 1875, he absconded with said sum.

On the 10th day of February, the next day, Mr. S. C. Green, one of the sureties for Marsh on his bond as receiver, on demand of the attorneys for the plaintiffs, paid to them the sum of seventy-seven dollars and fifty cents, and took their receipt therefor.

Subsequently, and about the 10th of April, 1875, Marsh returned to the county of Cattaraugus, and was then, and at the time of the granting of the order appealed from herein, insolvent, and unable to pay to Green said sum of seventy-seven dollars and fifty cents, which he had paid on Marsh's behalf. Mr. Green commenced this proceeding to compel Marsh to account and pay over to him the sum of seventy-seven dollars and fifty cents, with interest from February 10, 1875.

An order was made by the county judge of Cattaraugus county on the 22d day of May, 1876, by whom the receiver was appointed, requiring him to account on the first day of June thereafter, and pay over to Green the sum of seventy-seven dollars and fifty cents, with interest from February 10, 1875, or show cause why an attachment should not issue against him as for contempt. Marsh appealed from that order.

*J. M. Coregdon*, for the appellant.

*C. Z. Lincoln*, for the respondent.

SMITH, J.:

The county judge, at chambers, had not jurisdiction to make the order appealed from. Assuming that the order was proper on the merits (a point which, in the view we take of the case, is not before us, and upon which we express no opinion), it could only have been made by the court. It seems to have been supposed, that as the judge appointed the receiver he could control him in respect to his duties. A judge can appoint a receiver, because the statute gives the power (Code, § 298), but with the appointment his authority over the matter ends. The receiver is thereafter subject to the control of the court in which the judgment was obtained, or if the judgment was upon a transcript from a justice's court, filed in the county clerk's office, then he is subject to the control and direction of the County Court. (§ 298).

PEOPLE ex rel. GARBUTT v. R. & S. L. R. CO.     371

·Fourth Department, June Term, 1878.

The order should be reversed with ten dollars costs and dis‑ bursements.

Present—Talcott, P. J., Smith and Hardin, JJ.

Order reversed, with ten dollars costs and disbursements.